UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: ROMAN CATHOLIC                               CIVIL ACTION
CHURCH OF THE ARCHDIOCESE
OF NEW ORLEANS                                      NO. 24-1873

                                                    SECTION M (2)


**ORDER & REASONS**

Before the Court is the motion of plaintiffs Richard and Amy Trahant (together, "Plaintiffs") for disqualification of the undersigned.[1] Defendants Mark A. Mintz, Jones Walker, LLP, and Donlin Recano & Company, Inc. (collectively, "Defendants") respond in opposition,[2] and Plaintiffs reply in further support of their motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court denies the motion.

**I.     BACKGROUND**

Plaintiffs sued Defendants in state court, asserting claims for abuse of process, intentional and negligent infliction of emotional distress, and loss of consortium, all in connection with the Defendants' service of an order issued by the bankruptcy judge in the pending bankruptcy case of the Roman Catholic Church of the Archdiocese of New Orleans (the "Archdiocese").[4] Defendants removed the Plaintiffs' action to this Court based in part on bankruptcy subject-matter jurisdiction under 18 U.S.C. § 1334(b).[5] Thereafter, Plaintiffs filed a motion to remand the action back to state court, contending that either mandatory or permissive abstention applied.[6]

---

[1] R. Doc. 5.
[2] R. Doc. 6.
[3] R. Doc. 10.
[4] Civil Action No. 23-2053 (E.D. La.), R. Doc. 1-1.
[5] E.D. La. No. 23-2053, R. Doc. 1.
[6] E.D. La. No. 23-2053, R. Doc. 9.

Defendants then filed a request for reference of the case to the bankruptcy court under Local Rule 83.4.1 and the district's general order of reference.[7] Upon finding that Plaintiffs' claims implicated the bankruptcy court's gatekeeping function under the *Barton* doctrine (which vests only the bankruptcy court with the authority to grant leave to pursue claims directed against officials appointed by the bankruptcy court concerning acts done in their official capacity), the Court referred the action to the bankruptcy court.[8] Plaintiffs subsequently filed a motion for reconsideration or, alternatively, withdrawal of the Court's order of reference,[9] which the Court denied.[10] Plaintiffs next filed a motion under 28 U.S.C. § 144 seeking to have this Court recuse the bankruptcy judge because of her alleged "personal bias and/or prejudice" against Plaintiffs and in favor of Defendants.[11] The Court denied this motion, holding that recusal under § 144 applies only to district judges, not bankruptcy judges, and motions for recusal under § 144 must be filed before the judge sought to be recused.[12]

With the Plaintiffs' suit then firmly lodged in the bankruptcy court as an adversary proceeding within the Archdiocese's bankruptcy case, the bankruptcy judge first addressed the Plaintiffs' motion to recuse her pursuant to 28 U.S.C. §§ 144 and 455, finding it to be without merit.[13] The bankruptcy judge then took up Plaintiffs' motion to remand their suit (now the adversary proceeding) back to state court pursuant to mandatory or permissive abstention. The bankruptcy judge denied the motion to remand and declined to certify her order for direct appeal

---

[7] E.D. La. No. 23-2053, R. Doc. 11.
[8] R. Doc. 1 at 9-11; E.D. La. No. 23-2053, R. Doc. 12 (citing *In re Highland Cap. Mgmt., L.P.*, 48 F.4th. 419, 439 (5th Cir. 2022) (discussing and applying *Barton v. Barbour*, 104 U.S. 126 (1881)), *cert. denied*, 144 S. Ct. 2714, 2715 (2024)).
[9] E.D. La. No. 23-2053, R. Doc. 13.
[10] E.D. La. No. 23-2053, R. Doc. 18.
[11] E.D. La. No. 23-2053, R. Doc. 19.
[12] R. Doc. 1 at 12-17; E.D. La. No. 23-2053, R. Doc. 21.
[13] R. Doc. 1 at 18-48; *Trahant v. Mintz*, Adv. No. 23-1018 (Bankr. E.D. La.), R. Doc. 51.

to the Fifth Circuit.[14] In due course, the bankruptcy judge granted the Defendants' motion for summary judgment, dismissing the complaint – that is, the complaint originally filed in state court and sought to be amended as the operative complaint in the adversary proceeding.[15] In the wake of these rulings, Plaintiffs filed a notice of appeal in the bankruptcy court pursuant to Rules 8001, 8002, and 8003 of the Federal Rules of Bankruptcy Procedure, seeking appellate review by the district court of six rulings, including the two judgments of the bankruptcy court dismissing the complaint,[16] the two orders of the bankruptcy court concerning recusal and remand, and this Court's two orders, one referring the Plaintiffs' suit to the bankruptcy court and the other denying Plaintiffs' motion to recuse the bankruptcy judge.[17] Plaintiffs now move to disqualify the undersigned from hearing their appeal.[18]

## II.   PENDING MOTION

In their motion to disqualify, Plaintiffs contend that the undersigned should be disqualified under 28 U.S.C. § 47 because "this Court has made substantive rulings [in this case], which are being appealed," and therefore "cannot sit as a reviewing court on its own rulings."[19] Plaintiffs further argue that it "is especially important" that the undersigned be disqualified "within the context of this litigation" because one of the appealed orders relates to recusal of the bankruptcy judge and "over half of the [d]istrict [j]udges [of this district] have recused themselves from matters pertaining to the Archdiocese of New Orleans bankruptcy case."[20] In particular, Plaintiffs

---

[14] R. Doc. 1 at 49-64; Bankr. E.D. La. Adv. No. 23-1018, R. Doc. 60.
[15] R. Doc. 1 at 5-6 (judgments of dismissal); Bankr. E.D. La. Adv. No. 23-1018, R. Doc. 76 (memorandum opinion and order upon which the judgments of dismissal are based).
[16] While Plaintiffs list two judgments of dismissal, each with a separate record docket number on the docket of the bankruptcy court, they appear to be one and the same.
[17] R. Doc. 1.
[18] R. Doc. 5.
[19] R. Doc. 5-1 at 1-2.
[20] *Id.* at 2-3.

3

maintain that § 47 "has been applied within the context of bankruptcy appeals," citing *In re Linder*, so its application here "should be crystal clear."[21]

In opposition, Defendants first argue that the motion to disqualify should be denied because it constitutes an "improper attempt to appeal this Court's interlocutory orders back to itself in contravention of the appellate bankruptcy procedures outlined in 28 U.S.C. § 158."[22] Defendants argue that this Court's interlocutory orders are not properly part of this appeal because they were not issued by the bankruptcy court.[23] After all, say Defendants, § 158 only permits appeals of orders issued by bankruptcy judges and "does not provide a mechanism for a party to appeal a district court order back to the district court that issued it."[24] Defendants next argue that 28 U.S.C. § 47 only comes into play upon the appeal of final judgments, orders, and decrees, and thus cannot be applicable to the Court's interlocutory orders.[25] Defendants distinguish the two cases cited by Plaintiffs (including *Linder*), concluding that neither supports disqualification under § 47 in these circumstances.[26] Finally, Defendants argue that "appeal from the decision of a district court judge should not be heard by another district court judge, so this appeal may not be transferred to another section of this court," and review of the Court's interlocutory orders by the Fifth Circuit would also be inappropriate at this juncture, demonstrating "the impropriety of the motion."[27]

Plaintiffs reiterate in reply that this Court should be disqualified from reviewing its own interlocutory orders, that these orders are reviewable at this time despite their interlocutory nature,

---

[21] *Id.* at 3.
[22] R. Doc. 6-1 at 1.
[23] *Id.* at 3.
[24] *Id.*
[25] *Id.* at 4.
[26] *Id.* at 5.
[27] *Id.*

4

and that another district judge of this court may sit in appeal to review them without violating § 47 or § 158.[28]

### III.   LAW & ANALYSIS

"The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges." 28 U.S.C. § 158(a)(1). This includes appeals from final judgments issued in bankruptcy adversary proceedings. *In re Boca Arena, Inc.*, 184 F.3d 1285, 1286 (11th Cir. 1999) ("In bankruptcy, adversary proceedings generally are viewed as 'stand-alone lawsuits,' and final judgments issued in adversary proceedings are usually appealable as if the dispute had arisen outside of bankruptcy."), *quoted with approval in In re Dorsey*, 870 F.3d 359, 362-63 (5th Cir. 2017).[29] This appellate process generally functions "in the same manner as appeals in civil proceedings … taken to the courts of appeals from the district courts." 28 U.S.C. § 158(c)(2). Often, a dispute arises over whether an order of the bankruptcy judge is final or interlocutory, as the concept of finality differs in bankruptcy. *See Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 38 (2020) ("The ordinary understanding of 'final decision' is not attuned to the distinctive character of bankruptcy litigation. A bankruptcy case encompasses numerous 'individual controversies, many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor.'") (quoting *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015)); *In re Delta Produce, L.P.*, 845 F.3d 609, 617 (5th Cir. 2016) ("'Virtually all decisions agree that the concept of finality applied to appeals in bankruptcy is broader and more flexible than the concept applied in ordinary

---

[28] R. Doc. 10 at 2-3.
[29] *See also In re Moore*, 739 F.3d 724, 727-28 (5th Cir. 2014) (holding that bankruptcy court had constitutional authority to enter final judgment in adversary proceeding because resolution of state-law claims was necessary to adjudication of a proof of claim in the claims allowance process, which is part and parcel of the consideration and confirmation of a reorganization plan).

5

civil litigation.'") (quoting 16 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3926.2, at 323 (3d ed.)); 1 COLLIER ON BANKRUPTCY ¶ 5.08 (Richard Levin & Henry J. Sommer eds., 16th ed.) (reflecting on the difficulty inherent in resolving the issue of finality in bankruptcy cases and proceedings). The proper categorization of an order is important because, without leave of court, the district court would not otherwise have jurisdiction over most appeals of interlocutory bankruptcy court orders. As the Supreme Court has explained:

> Correct delineation of the dimensions of a bankruptcy "proceeding" is a matter of considerable importance. An erroneous identification of an interlocutory order as a final decision may yield an appeal over which the appellate forum lacks jurisdiction. Conversely, an erroneous identification of a final order as interlocutory may cause a party to miss the appellate deadline.

*Ritzen*, 589 U.S. at 39. Because a bankruptcy case "encompasses numerous 'individual controversies,'" and because "[d]elaying appeals from discrete, controversy-resolving decisions in bankruptcy cases would long postpone appellate review of fully adjudicated disputes," orders of a bankruptcy court are "'immediately appealable if they finally dispose of discrete disputes within the larger bankruptcy case.'" *Id.* (quoting *Bullard*, 575 U.S. at 501) (alterations omitted).

This Court, then, as "the district court for the judicial district in which the bankruptcy judge is serving," may hear appeals of "final judgments, orders, and decrees of bankruptcy judges." 28 U.S.C. § 158(a)(1). Plaintiffs have appealed to this district court two judgments and two orders of the bankruptcy court,[30] as permitted by § 158. However, Plaintiffs also improperly seek review in the district court of two orders issued by this Court,[31] which they contend require disqualification of the undersigned pursuant to 28 U.S.C. § 47. In other words, Plaintiffs filed a notice of appeal

---

[30] R. Doc. 1 at 1, 5-6, 18-64; Bankr. E.D. La. Adv. No. 23-1018, R. Docs. 51; 60; 78; 81.
[31] R. Doc. 1 at 9-17; E.D. La. 23-2053, R. Docs. 12; 21.

in the bankruptcy adversary proceeding listing orders of this district court as among the decrees sought to be appealed *from the bankruptcy court*. As a matter of appellate procedure, the impropriety of noticing an appeal of district court orders in a bankruptcy court is patent.[32] Not stopping there, though, Plaintiffs seize upon their improper act as the basis for asking that the undersigned be disqualified. Section 47 provides that "[n]o judge shall hear or determine an appeal from the decision of a case or issue tried by him." 28 U.S.C. § 47. The principle undergirding § 47, with which this Court wholeheartedly agrees and to which it strictly adheres, is not implicated in this case, however, because this Court plainly lacks jurisdiction to review the two orders on which Plaintiffs bottom their argument for disqualification, *i.e.,* "the decision[s] of a case or issue tried by" the undersigned. As shown above, the Court may only hear appeals of judgments and orders "rendered by bankruptcy judges." *In re Aldus Mktg. Ass'n*, 46 F.3d 67 (5th Cir. 1995). Because the two orders of this Court in question were issued by a district court, not the bankruptcy court, the Court has no jurisdiction to review them on appeal under § 158 and the Court has no intention of doing so. *See In re Topco, Inc.*, 894 F.2d 727, 734 (5th Cir. 1990) ("Section 158(a) expressly grants *district courts* jurisdiction to hear appeals from *bankruptcy courts'* decisions." (emphasis in original)).

Plaintiffs' argument, relying on *In re Linder*, 215 B.R. 826 (B.A.P. 6th Cir. 1998), that while "a district judge is prohibited from hearing an appeal from the district judge's own docket, the judge is not prohibited from hearing an appeal from other judges in the same district" similarly must fail.[33] This is because the Court's orders were issued by a district judge, not a bankruptcy

---

[32] *See* Fed. R. Bankr. P. 8003(a)(1) ("An appeal from a judgment, order, or decree *of a bankruptcy court* to a district court or BAP [bankruptcy appellate panel] under 28 U.S.C. § 158(a)(1) or (a)(2) may be taken only by filing a notice of appeal with the bankruptcy clerk …." (emphasis added)). This rule provides no mechanism for noticing in a bankruptcy court the appeal of district court orders.

[33] R. Doc. 10 at 2.

7

<pre>
</pre>

judge, and no district judge has jurisdiction under § 158(a) to review them. *Linder* spoke to whether a circuit's bankruptcy appellate panel may sit in review of a case decided by another bankruptcy judge appointed to the circuit-wide panel but who was not a member of the three-judge panel hearing that particular appeal. Unsurprisingly, the answer is yes it can, and as is clear from even a cursory reading of the case, the order being reviewed was entered by a bankruptcy judge and, consequently, was an order over which the panel (and, in non-panel circuits like the Fifth Circuit, a district court) would have had jurisdiction under § 158. The Sixth Circuit BAP analogized the case before it to "a district judge's service as part of a circuit [court of appeals] panel" in appellate review, observing that "[i]n such circumstances, a district judge is prohibited from hearing an appeal from the district judge's own docket but not from hearing an appeal from other judges in that same district." *Id.* at 831 (citing § 47). Of course, the "circumstances" referenced by the Sixth Circuit BAP involve an appeal from a district court's judgment, order, or decree, as to which the court of appeals (on which the district judge has been designated to serve under 28 U.S.C. § 292(a)) has appellate jurisdiction. In such circumstances, the district judge, sitting by designation, cannot hear an appeal from a judgment, order, or decree that judge has issued. And, in the Sixth Circuit BAP's eyes, these circumstances were different from a bankruptcy appellate panel's hearing an appeal from an order issued by a bankruptcy judge not designated to serve on the three-judge panel. Plaintiffs' cherry-picked quotation from *Linder* ignores this critical contextual distinction that makes the quotation irrelevant here. To be plain, an appeal from the two orders of this Court in question lies only to the Court of Appeals for the Fifth Circuit upon the filing of a notice of appeal in the district court once that district court has rendered a final, appealable order. And the undersigned cannot and will not sit by designation in the Fifth

8

Circuit to hear any such appeal. In short, *Linder* does not stand for the proposition that another district judge of this court can sit in appellate review of this Court's orders. No case does.

In any event, both of the Court's orders at issue were interlocutory, cannot have been made "final" by any subsequent act of the bankruptcy court, and thus are not appealable at this stage. "Finality is a prerequisite to appealability of district court judgments." *In re Moody*, 817 F.2d 365, 366 (5th Cir. 1987). The Court's referral order was not a final order, as it "'merely refer[red] this case to the bankruptcy court for further proceedings – clearly indicating that the referral [was] only a preliminary step in this lawsuit'" – and thus it did "'not end the litigation on the merits [but rather] expressly indicate[d] that litigation on the merits will resume in the bankruptcy court.'" *Okorie v. First Bank*, 2024 WL 4315129 (5th Cir. Sept. 27, 2024) (quoting *Higdon v. Hensley*, 49 F.3d 728 (5th Cir. 1995)) (alterations omitted). The Court's order denying Plaintiffs' motion to recuse the bankruptcy judge was also interlocutory "because questions concerning the disqualification of judges are not immediately appealable.'" *In re Burch*, 2022 WL 1117701, at *2 (5th Cir. Apr. 14, 2022) (quoting *Terrell v. City of El Paso*, 176 F. App'x 621, 622 (5th Cir. 2006)). Consequently, the Court will not review its own orders on appeal, not because it is disqualified from doing so, but because neither it nor any other district judge has jurisdiction to review the orders of another district judge under § 158, and such orders can only be reviewed by the Fifth Circuit upon the filing of a notice of appeal in the district court after the orders become final and appealable. Viewed in this light, 28 U.S.C. § 47 simply has no application here, so disqualification is not warranted.

As for the other matters appealed, the Court will exercise its "jurisdiction to hear [these] appeals [as they are] from final judgments, orders, and decrees of [a] bankruptcy judge[.]" 28 U.S.C. § 158(a)(1). Bankruptcy court orders are "'immediately appealable if they finally dispose

of discrete disputes within the larger bankruptcy case.'" *Ritzen*, 589 U.S. at 39 (quoting *Bullard*, 575 U.S. at 501) (alteration omitted). Here, the bankruptcy judge's judgments dismissing the complaint in the adversary proceeding undoubtedly dispose of a discrete dispute within the larger bankruptcy case. *See In re Greene Cnty. Hosp.*, 835 F.2d 589, 595 (5th Cir. 1988) ("Dismissal of a complaint obviously ends a dispute."). And because the bankruptcy court's other orders denying Plaintiffs' motions for remand and recusal preceded the judgment of dismissal and are bound up with it, the Court may review them as components of the appeal. In sum, the only properly appealable decrees included in Plaintiffs' notice of appeal were those issued by the bankruptcy judge, not the undersigned, and disqualification is not warranted with respect to the Court's review of those decrees.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that plaintiffs' motion to disqualify the undersigned (R. Doc. 5) is DENIED.

New Orleans, Louisiana, this 7th day of October, 2024.

                                                 BARRY W. ASHE
                                                 UNITED STATES DISTRICT JUDGE